UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

INDUSTRIAL INFO RESOURCES,
INC.,

       Plaintiff,

v.

MICHAEL JOHN VANDERMOLEN,
a Michigan resident d/b/a Industrial-
Company.com; ODDITY SOFTWARE,
LLC, a Missouri Limited Liability company;
PAULSAN SYSTEMS, S.R.L., a Romanian
corporation d/b/a Prodatabase.com; and
VISILIS PASPARAS, a Greek citizen
d/b/a High Speed Data Networks, Inc.,

       Defendants.
_____/

Case No. 1:07-CV-526

Hon. Richard Alan Enslen

**ORDER**

      Pending before this Court is Plaintiff Industrial Info Resources, Inc.'s Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue, and Motion for *Ex Parte* Impoundment.  Defendants have not yet been served in this suit.

      The premise of this suit is that Defendants Michigan resident Michael John VanderMolen and Missouri company Oddity Software, LLC committed copyright violations by possibly stealing information from Plaintiff's fee-based website and then making it available to the public for download on Defendants' own websites.  These allegations may or may not be related to other allegations against Defendants Paulsan Systems, S.R.I., a Romanian corporation that operates its website outside of the United States, and Visilis Pasparas, a Greek Citizen who operates his website outside of the United States.  The Complaint alleges that the foreign company and individual company made available Plaintiff's copyrighted material for download in Europe without consent.  While the Motions have

attached some compelling information of possible copyright infringement (affidavits supporting that the copyright information, including identification numbers, were used without consent), there are significant questions concerning the propriety and scope of relief, which warrant consideration before any relief should be granted.

These significant questions include: (1) whether Defendants Paulsan and Pasparas's copyright infringement was committed solely outside the United States such that relief cannot be ordered against them under the applicable canons of statutory construction and the terms of the copyright statute (*see E.E.O.C. v. Arabian American Oil Co.*, 499 U.S. 244, 248 (1991) (holding that federal statutes are not to be applied extraterritorially absent a clearly expressed statutory intent to do so); *Small v. United States*, 544 U.S. 385, 388-89 (2005) (citing cases); W. Patry, 7 *Patry on Copyright*, § 25:86, at. 25-228 to 25-230 (West 2007); W. Patry and R. Martin, 1 *Copyright Law & Practice*, 1089-92 (West 1994 & 2000 supp.) (stating that there is a lack of a statutory basis for finding that the copyright statute applies extraterritorially);  (2) whether use of the information at Defendants' websites, which was somewhat different in format, was not a violation because the websites arranged the data in a substantially different manner (s*ee* 17 U.S.C. § 103(b); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 358 (1991); W. Patry and R. Martin, 1 *Copyright Law & Practice*, 193-202 (West 1994 & 2000 Supp.)); and (3) whether Plaintiff's  compilation is beyond statutory protection because lacking in originality/creative elements (*see id.*).[1]

Because the Court finds that these are very significant unanswered questions which effect both the availability and scope of relief warranted, the Court will deny a Temporary Restraining Order, but

---

[1] Another issue was also created by Plaintiff's counsel's submission of a supporting Affidavit with attached documents, which submission may border upon, if not cross, the prohibition against attorney testimony in Michigan Court Rule of Professional Conduct 3.7.

reserve determination of the Motion for Preliminary Injunction. The Court will also deny Plaintiff's Motion for Impoundment because it seeks intrusive remedies (invasion of Defendants' premises and seizure of property) which are sought only on suspicion, not evidence, of illegality.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Industrial Info Resources, Inc.'s Motion for Temporary Restraining Order (contained in Dkt. No. 6) is **DENIED** as to the Temporary Restraining Order, though the issue of the preliminary injunction is **RESERVED** for later hearing.

**IT IS FURTHER ORDERED** that Plaintiff's *Ex Parte* Motion for Impoundment (Dkt. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall effect service of all papers filed in this suit, including this Order, on Defendants within 21 days of this Order, and shall file proof of service showing service of the same.

**IT IS FURTHER ORDERED** that Defendants, upon service, shall file a written response to the Motion for Preliminary Injunction within 28 days of service.

**IT IS FURTHER ORDERED** that Plaintiff shall file a written reply within 14 days of the response.

**IT IS FURTHER ORDERED** that hearing on the Motion for Preliminary Injunction shall be limited to one hour, with the time equally split between those favoring and disfavoring the relief sought.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, at the time of the filing of the reply, telephone the Court's secretary or case manager at 269-343-7542 to arrange for the scheduling of the preliminary injunction hearing.

DATED in Kalamazoo, MI:  
June 21, 2007

      /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE